IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ABDIEL SERRANO, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | No. _____ |
| STATE FARM LLOYDS and LYNN MCMILLIN, | § § § § | JURY |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendant State Farm Lloyds and Lynn McMillin (collectively "Defendants") file this Notice of Removal:

1.      On January 26, 2015, Plaintiff Abdiel Serrano ("Plaintiff") filed this lawsuit in Collin County, Texas, naming State Farm as Defendant.

2.      The Original Petition was served on State Farm on January 30, 2015.

3.      The Original Petition was served on Lynn McMillin on January 28, 2015.

4.      Defendants file this notice of removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. §1446(b).  In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

5.      All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a) and Local Rule CV-81(c).  Also included is a civil cover sheet and certified copy of the state court docket sheet in accordance with Local Rule CV-81(c)(2).  A copy of this Notice is concurrently being filed with the state court and served upon the Plaintiff.

6.      As required by 28 U.S.C. § 1446(a) and Local Rule CV-81(c), simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is a certified copy of the state court docket sheet, a copy of Plaintiff's Original Petition and embedded Jury Demand are attached hereto as Exhibit "B," a copy of the Civil Case Information Sheet is attached hereto as Exhibit "C," a copy of Plaintiff's Citation issued to State Farm is attached hereto as Exhibit "D," a copy of Plaintiff's Citation issued to Lynn McMillin is attached hereto as Exhibit "E," a copy of Defendants' Original Answer to Plaintiff's Original Petition is attached hereto as Exhibit "F," the list of Parties to the Case (including status of the case, jury demand, and state court information) is attached hereto as Exhibit "G," and a List of Counsel is attached hereto as Exhibit "H."

7.      Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division embrace Denton County, Texas, the place where the removed action has been pending and where the property in dispute is located.

**Basis for Removal**

8.      Removal is proper based on diversity of citizenship under 28 U.S.C. §§1332(a), 1441(a) and 1446.

**A.      Diversity of Citizenship**

9.      Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Texas. *See* Pl's Original Pet. § II. Parties, attached hereto as Exhibit "B."

10.      Defendant State Farm Lloyds, is, and was at the time the lawsuit was filed, a citizen of the states of Illinois, Colorado and Pennsylvania.  State Farm Lloyds is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code.  It consists of an association of underwriters, each of whom, at the time this action was commenced were, and still are, citizens

and residents of the states of Illinois, Colorado and Pennsylvania.  Therefore, State Farm Lloyds

is a citizen and resident of the states of Illinois, Colorado and Pennsylvania for diversity

purposes. *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyd's Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998 ("the citizenship of State

Farm Lloyds must be determined solely by the citizenship of its members, or underwriters.");

*Rappaport v. State Farm Lloyd's*, 1998 WL 249211 (N.D. Tex. 1998) (finding that State Farm

Lloyd's is an unincorporated association whose members are completely diverse with Plaintiff,

and denying remand).

10.     Upon information and belief, Defendant Lynn McMillin ("McMillin") is, and was

at the time the lawsuit was filed, a resident and citizen of the State of Texas.  With respect to the

claims against McMillin, it is State Farm's position that she has been fraudulently joined in this

action.  Therefore, the Texas citizenship of McMillim should be disregarded for the purposes of

evaluating diversity in this matter.

11.     When fraudulent joinder is asserted, the Court must "pierce the pleadings" to

determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.*,

893 F.2d 98, 100 (5th Cir. 1990), *cert. denied,* 498 U.S. 817 (1990).  The failure to specify a

legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim

and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158

F.R.D. 107, 109 (S.D. Tex. 1994).

12.     Here, Plaintiff asserts generic claims against McMillin for violations of the Texas

Insurance Code, breach of the duty of good faith and fair dealing, violations of the Deceptive

Trade Practices Act, fraud, conspiracy, aiding and abetting, negligence and gross negligence, and

negligent misrepresentation. (Pl's Orig. Pet. § VI, Exhibit B).  Based on Plaintiff's pleading,

there is no basis for predicting that Plaintiff might be able to establish liability against McMillin because no real facts relating to her have been set forth.  Plaintiff's claims against McMillin consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007); *see also Ashcroft v Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). As such, Plaintiff cannot "establish a cause of action against [McMillin] in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also TAJ Properties, LLC v. Zurich American Ins. Co.*, Civil Action No. H-10-2512, 2010 WL 4923473 at *2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.).  Because there is no reasonable basis for this Court to predict that the Plaintiff might be able to recover against McMillin, her presence should be disregarded in determining diversity jurisdiction.

13.     Because Plaintiff is a citizen of Texas and Defendant State Farm is a citizen of Illinois, Colorado and Pennsylvania, complete diversity of citizenship exists among the proper parties.

**B.      The Amount in Controversy Exceeds $75,000.00**

14.     This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff's Petition expressly alleges that "Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00." *See* Exhibit B, § VIII.  Thus, the express allegations in the Petition exceed the amount in controversy threshold of $75,000.00.

## Conclusion and Prayer

15.     All requirements are met for removal under 28 U.S.C. §§ 1332 and 1441. Accordingly, Defendant State Farm Lloyds hereby removes this case to this Court for trial and determination.

Respectfully submitted,

/s/ Rhonda J. Thompson
Rhonda J. Thompson
Lead Attorney
State Bar No.:  24029862
Adrienne B. Hamil
State Bar No.:  24069867
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  rthompson@thompsoncoe.com
Email:  ahamil@thompsoncoe.com
**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2015 a true and correct copy of the foregoing has been forwarded to counsel of record in accordance with Rule 5(b)(2) Federal Rules of Civil Procedure:

**Via: CMRRR and Email**
Jacey L. Hornecker
SPEIGHTS & WORRICH
3838 Oak Lawn Ave., Ste. 1000
Dallas, TX 75219
Email: jacey@speightsfirm.com
*Counsel for Plaintiff*

/s/ Adrienne B. Hamil
Adrienne B. Hamil